Filed 7/19/23  Velasco v. Vasquez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| HUMBERTO VELASCO, | B312701 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20PSFL01321) |
| v. | |
| STEPHANIE M. VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa R. Washington, Judge.  Affirmed in part, reversed in part and remanded.

Provinziano & Associates and Alphonse F. Provinziano for Defendant and Appellant.

Humberto Velasco, in pro. per.; and Walter T. Shatford IV for Plaintiff and Respondent.

————————————

The family court granted Stephanie M. Vasquez's motion to quash service of summons of Humberto Velasco's parentage/custody action but denied her request for attorney fees under Family Code sections 271 and 7605.[1]  On appeal Vasquez contends the court failed to consider and apply the proper legal standards for an award of attorney fees under these provisions. Although reasonably denying attorney fees based on its finding Velasco's counsel did not act unprofessionally, the court failed to consider whether Velasco had acted in bad faith under section 271 and did not address Vasquez's request for needs-based attorney fees under section 7605.  Accordingly, we reverse the order denying attorney fees and remand for the court to make the findings required by sections 271 and 7605.  In all other respects the order is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Velasco's Parentage Action*

On September 29, 2020 Velasco, represented by counsel, filed a section 7630 petition in the superior court to determine parental relationship and custody of his and Vasquez's then-four-year-old daughter Lina.  Velasco included with the supporting papers a form declaration under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in which he averred that he, Vasquez and Lina had lived together as a family in La Puente, California, since Lina's birth in 2016.

---

[1]     All statutory references are to this code unless otherwise stated.

2. *Vasquez's Motion To Quash and Fee Request*

In November 2020 Vasquez, through counsel, specially appeared and moved to quash service of the summons and complaint. In her supporting declaration Vasquez stated she and Lina moved to Arizona in August 2019 and had been residents of Arizona since December 2019; Vasquez and Velasco were not married and were no longer romantically involved with each other; and Velasco knew Vasquez and Lina had moved to Arizona and had even visited Lina in Arizona on several occasions in 2019 and 2020. In addition, Vasquez provided documentary evidence of her Arizona residency, including her Arizona driver's license, confirmation of her mailing address and evidence of Lina's treatment by Arizona physicians.[2]

Vasquez, who has served as Lina's full-time caregiver since Lina's birth, requested attorney fees and costs, citing Velasco's bad faith in filing his parentage action in California (§ 721, subd. (a)). Vasquez also requested attorney fees pursuant to section 7605[3] and included an income and expense declaration (Cal. Rules of Court, rule 5.427(b)(1)), along with her counsel's

---

[2]    Lina was born with cerebral palsy and requires around-the-clock care.

[3]    In his declaration supporting Vasquez's request for attorney fees, Vasquez's counsel cited section 7605, applicable to parentage actions, as authority for Vasquez's attorney fee request. In the memorandum of points and authorities supporting that request, however, Vasquez cited section 2030. Other than the difference in proceedings to which those statutes apply (section 7605 applies in parentage actions; section 2030 in dissolution actions), the two statutes are substantively identical. (*Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, 642.)

supporting declaration in support of her fee request. Counsel's declaration identified a little more than $20,000 in attorney fees and costs "incurred and anticipated."

### 3. *Velasco's Opposition to the Motion To Quash and Request for Attorney Fees*

Velasco opposed the motion to quash. In his declaration submitted with his papers, Velasco stated Vasquez had left California with Lina in August 2019 for an extended visit with her family in Arizona, something Vasquez had done in the past. Velasco insisted Vasquez did not tell him she intended to remain in Arizona. He only learned of her plans recently when Vasquez refused to return Lina to California.

Velasco urged the court to deny Vasquez's request for attorney fees, arguing she had more than sufficient funds to pay for her counsel. He and his counsel also insisted they had not acted in bad faith.

### 4. *The Family Court's Ruling on Vasquez's Motion To Quash and Request for Attorney Fees*

The family court granted Vasquez's motion to quash, finding Lina had resided in Arizona for more than six months prior to Velasco's petition and had been receiving treatment for her medical issues in Arizona. As to Velasco's assertion Lina had resided in La Puente since birth, the court stated, "We know [based on the undisputed evidence presented] that the minor did not reside in La Puente until the date [Velasco filed his parentage petition] because the parties can see that the child was in Arizona. Now, if the child was there because of a temporary visit, or the mother did not return [her], that's a separate issue."

Turning to Vasquez's request for attorney fees, the court stated, "And regarding the issue of attorney's fees, the court does

not find that petitioner's counsel was unprofessional where sanctions or anything along those lines, should be warranted. The court is not going to grant attorney's fees. Each side to bear [his and her] own costs." The court made substantially similar comments in its written findings and order granting Vasquez's motion to quash and staying the action pending resolution of the then-recent parentage action Vasquez had filed in Arizona.[4] The court did not address at the hearing or in its order of dismissal Vasquez's request for needs-based fees under section 7605.

Vasquez appealed.[5]

## DISCUSSION

1. *Standard of Review*

The court's determination whether to award attorney fees is reviewed de novo when the issue is one of statutory construction and, generally, in all other contexts for abuse of

---

[4] Vasquez filed her own parentage action in Arizona while her motion to quash was pending.

[5] Vasquez filed a premature notice of appeal from the March 19, 2021 minute order granting her motion to quash, denying her attorney fee request and directing Vasquez to prepare a written order after hearing. We treat the appeal as timely filed following the court's November 19, 2021 signed findings and order after hearing granting the motion to quash. (See Cal. Rules of Court, rule 8.104(c)(2) [when minute order directs preparation of final order, the entry date of order is date order is signed and filed]; (d)(2) [notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment may be treated as filed immediately after entry of appealable judgment or order]; see also Code Civ. Proc., § 904.1, subd. (a)(3) [order granting motion to quash appealable order].)

5

discretion. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751; see *N.S. v. D.M.* (2018) 21 Cal.App.5th 1040, 1053 ["[w]e review a denial of fees under section 7605 for abuse of discretion but apply de novo review to questions of statutory interpretation"].) The court's factual findings in support of its determination are reviewed for substantial evidence. (*In re Marriage of Knox* (2022) 83 Cal.App.5th 15, 25.)

2. *The Family Court Did Not Abuse Its Discretion in Finding Velasco's Counsel Had Not Acted in Bad Faith, but Failed To Consider Velasco's Bad Faith Under Section 271*

Section 271, subdivision (a), authorizes a court to award in its discretion "attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the costs of litigation by encouraging cooperation between the parties and the attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction."

Vasquez contends Velasco's bad faith was patent: Velasco declared under penalty of perjury in his UCCJEA declaration that Lina had resided with him in California since her birth even though he obviously knew, and Vasquez's counsel had told him in advance of her filing the motion to quash, that Lina had resided in Arizona since December 2019.

The court found Velasco's counsel had not acted unprofessionally, apparently distinguishing between a bad faith effort to mislead the court, on the one hand, and counsel's reliance on Velasco's assurances that Lina, while in Arizona on

6

an extended vacation, continued to reside with him in La Puente. That finding, sufficiently supported by Velasco's and his attorney's statements in the record, was not an abuse of discretion.  (See *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225 ["[a] sanctions order under section 271 is reviewed for abuse of discretion"; "we will overturn such an order only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order"]; *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478 [same].)

However, the family court made no finding whether Velasco had acted in bad faith—that is, whether he understood at the time he filed his declaration that Lina was no longer living in Los Angeles or whether he believed in good faith that she was only visiting Arizona.  Remand is required for the court to address that question in the first instance.

3. *The Court Failed To Consider and Make the Findings Required by Section 7605*

Section 7605, applicable to parentage actions, provides, "(a) In any proceeding to establish physical or legal custody of a child or a visitation order under this part . . . the court shall ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a government entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding.  [¶] (b)  When a request for attorney's fees and costs is made under this section, the court shall make findings on whether an award of attorney's

fees and costs is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs."

The purpose of section 7605, like its section 2030 counterpart applicable in dissolution actions, ""'is not the redistribution of money from the greater income party to the lesser income party" but instead "parity: a fair hearing with two sides equally represented." [Citation.] "The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with the greater financial strength."'" (*C.T. v. K.W.* (2021) 71 Cal.App.5th 679, 684; accord, *N.S. v. D.M.*, *supra*, 21 Cal.App.5th at p. 1054.)

Both section 7605, subdivision (b), and section 2030 require the court to make express findings on the propriety of a needs-based award. (*In re Marriage of Knox, supra,* 83 Cal.App.5th at pp. 28-29 [the Legislature's use of "shall" in section 2030 makes clear the need-based finding is both mandatory and must be explicitly made on the record]; *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050-1051 [same]; see generally *Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, 642 [sections 7605 and 2030 are substantively identical; they require the court to "first assess whether a fee award is necessary to ensure access to legal representation and then, based on that assessment, award that amount which is reasonably necessary to ensure 'each party has access to legal representation'"].)

Here, perhaps because much of the parties' arguments were directed to the issue of bad faith, the family court overlooked Vasquez's request for need-based fees and failed to make the

8

statutorily required findings. Because we cannot determine whether the court would have awarded fees had it properly considered the request, the error is not harmless. (See *In re Marriage of Morton, supra,* 27 Cal.App.5th at p. 1051 [error in denying fees under section 2030 is reversible unless there is "'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached'"].) A remand is necessary to permit the court to comply with the requirements of section 7605, subdivisions (a) and (b).

## DISPOSITION

The order is reversed, and the matter remanded for the family court to make the findings required by section 7605 and to consider whether Velasco should be sanctioned under section 271. In all other respects the order is affirmed. Vasquez is to recover her costs on appeal.


PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.

9